JOSEPH CHUMAR *against* PETER B. WOOD.

ON CERTIORARI.

*A conveyance of chattels unaccompanied with possession is void.*

This action was commenced in the form of an action on, the case, and so styled in the justice's docket. But the· state of demand complained against the defendant below, Joseph Chumar, " for that he, on the 13th October, entered the leased premises of Thomas Bedle and Thomas Carhart,. in the township of Middletown and county of Monmouth, and at sundry times, from the said 13th day of October, 1820, until the commencement of this suit, took and carried away 24 cords of oak wood, the property of the plaintiff, to his damage," &c. The defendant pleaded, that he was not guilty of the trespass charged, and for further plea, that the wood which the said plaintiff had charged him with was the property of the Rev. John Croes, by whose request and· order the said Joseph Chumar acted. The jury found a verdict for Wood, the plaintiff below, for $54.

Upon the return of the *certiorari*, a rule was taken upon the justice to certify certain facts. In his return to this rule, the justice certified — 1. That the plaintiff below, Wood, claimed title to 200 cords of wood, the property in dispute, under a bill of sale made by Peter Barber to him,. bearing date 1st July, 1820; that the bill of sale was proved to have been executed on the day it bore date ; and that a sum of money was paid for the same, but does not remember that any delivery of said wood was proved to have been made to the plaintiff below. 2. That the defendant below· claimed the property in dispute under a bill of sale from Peter Barber to the Rev. John Croes, duly executed, for a lawful consideration, accompanied by a delivery of a part,. and bearing date the 10th July, 1820.

Chumar *v.* Wood.

After the execution of both these bills of sale, the wood was levied upon as the property of Peter Barber, and, by his direction, sold. Peter B. Wood was present at this sale, and did not forbid it, but bought the wood at twenty-five cents per cord.

*Wall* said, that the first bill of sale to Wood, under which he claimed the wood, was fraudulent, because possession did not accompany or follow it. But Barber being permitted to remain in possession of the wood, and afterwards selling it for a valuable consideration to a *bona fide* purchaser, without notice, such subsequent purchaser would be entitled to hold it. He took the law to be well settled, at this day, that a conveyance of chattels unaccompanied by possession was absolutely void.

BY THE COURT. There is no doubt but that is the law. Take a reversal.

NOTE.—That a conveyance of chattels unaccompanied with possession is void. See *Reed* v. *Blades,* 5 *Taunt.* 212; *Edwards* v. *Harbin,* 2 *Term Rep.* 587; *Meeker et al.* v. *Wilson,* 1 *Gallison's Rep.* 419; 1 *Cranch.* 309.